**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

_____
                                          )
In re:                                     )                    Chapter 13
                                          )
**RICHARD C. ENGRASSIA**         )                    Case No. 23-40370-EDK
                                          )
                **DEBTOR**           )
_____)

**APPLICATION OF EITAN GOLDBERG, ESQ. FOR COMPENSATION**
**AS SPECIAL COUNSEL TO THE DEBTOR**

      Now comes Eitan Goldberg, Esq. ("Attorney Goldberg") hereby submits this application for compensation as Special Counsel on behalf of the Debtor during the billing period December 9, 2021 to, and including, August 29, 2023. For this period, Attorney Goldberg applies for compensation in the amount $33,333,33 in fees, plus $50.00 for administrative expenses incurred. In support of this application, the undersigned states:

      1.      On May 10, 2023 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code with this Court.

      2.      Prior to the Petition Date, the Debtor was involved in a motor vehicle accident on or about November 20, 2021, and on December 8, 2021, hired Attorney Goldberg of the Law Office of Brown and Goldberg, PC (the "Law Firm") to represent him and do all things necessary to prosecute a claim against the driver of the motor vehicle.

      3.      On or about July 27, 2023, the Debtor filed a motion to employ Attorney Goldberg and the Law Firm as Special Counsel for the sole purpose of continuation of representation of the Debtor in the motor vehicle personal injury matter and any litigation that may result. That motion was approved by this Court on August 15, 2023 (See <u>Exhibit A</u> attached hereto).

Document    Page 2 of 13

4. The Debtor had been working with Attorney Goldberg well before the Petition Date and had selected the Applicant for the reasons that Attorney Goldberg and the Law Firm have considerable experience in matters of this nature and were well qualified to represent the Debtor.

5. During the period from December 9, 2021 to August 29, 2023, Attorney Goldberg continued with negotiations regarding settlement of the Debtor's claim with the other party's insurance company, GEICO Insurance Company. The other party's insurance policy carries a bodily injury coverage limit of $100,000.00 per person.

6. The Debtor retained Attorney Goldberg as Special Counsel for the sole purpose of representing the Debtor in his motor vehicle personal injury matter and any litigation that may resulted therefrom. The services provided to the Debtor included, but were not limited to:

- Providing the Debtor with legal advice regarding prosecution/defense of the personal injury litigation;
- Filing a claim with the insurance company and discussing said claim;
- Preparing a Demand and sending same to the insurance company;
- Preparing for and litigating the personal injury case, if necessary;
- Preparing and responding to pleadings and other requirements for/by the Court, if litigation filed;
- Assisting the Debtor with discovery in the event of litigation;
- Preparing/Reviewing any settlement Offers that may arise; and
- Working with bankruptcy counsel to ensure that all matters comply with the rules of the Bankruptcy Court and to seek approval of the Court, when necessary.

7. Once employed, Attorney Goldberg began by setting up claims with the Debtor's auto insurance company, the auto insurance company for the at-fault driver, and Medicare, and obtained medical records and bills related to the accident from various treatment providers. Given the Debtor's complicated medical condition, Attorney Goldberg and the Law Firm sorted through voluminous medical records to determine which were and were not related to the motor

vehicle accident, and then log them accordingly, so as to keep up with and monitor Medicare claims and liens.

8. In the summer of 2023, the Debtor completed his medical treatment related to the accident. As such, Attorney Goldberg collected all final records and bills and put together a demand package and sent it to the at-fault insurance carrier. Negotiations began and a final settlement was reached. Attorney Goldberg drafted the settlement paperwork for the Debtor's approval, pending approval from the Bankruptcy Court. Attorney Goldberg will also negotiate with Medicare in an attempt to reduce the lien amount, but we cannot do so until final approval of the settlement is given by the Bankruptcy Court.

9. Attorney Goldberg has provided a time log for the work he and the Law Firm have done. As they do for all personal injury cases, Attorney Goldberg and the Law Firm took this case on a contingency fee basis, with a fee of 33%. In cases like this one often does not know if a settlement will be reached, whether it will be large or small, whether there will be issues with insurance coverage, and what time and expenses one might incur. It is also untenable for most of Attorney Goldberg's and the Law Firm's clients to put up retainers for cases, especially where the average case would not make the client money if they were putting up an hourly retainer. Attorney Goldberg's and the Law Firm's agreement to work on the case on a contingent basis predated the bankruptcy petition.

10. Attorney Goldberg and the Law Firm received no payment from the Debtor or from any other source on account of compensation for services rendered in this case.

11. Attorney Goldberg requested the full amount of the policy. As a result of successful negotiations, a settlement agreement has been negotiated between the parties. GEICO offered to pay the Debtor the policy limit of $100,000.00.

3

12. The Debtor has sufficient funds to pay Attorney Goldberg's fees as allowed by the Court.

13. In accordance with MLBR 2016-1(a)(2) and MLBR Appendix 6, attached hereto as <u>Exhibit B</u> is a time log prepared by Attorney Goldberg for the work performed during the billing period covered by this application (December 9, 2021 to August 29, 2023), which is based on time records maintained by Attorney Goldberg in the ordinary course of its business. Although Attorney Goldberg has submitted his time logs, his fee is not based on the amount of time spent, but is based on a contingent fee agreement entered into prior to the Petition Date.

14. Narrative of the services rendered to the Debtor by Attorney Goldberg and the Law Firm is attached hereto as <u>Exhibit C</u> and comes in the form of a letter to Debtor's Counsel.

15. Attorney Goldberg submits that the requested fees are reasonable and appropriate under the circumstances and scope of the matter for which Attorney Goldberg and the Law Firm were retained.

WHEREFORE, Attorney Goldberg respectfully requests that this Court enter an Order:

1. Approving this Application and awarding Attorney Goldberg compensation in the amount of $33,333,33, together with expenses in the amount of $50.00.

2. Authorizing the Debtor to pay Attorney Goldberg $33,383.33 from the motor vehicle settlement proceeds.

3. Granting such other and further relief as is just.

*[Nothing follows.  Signature on the next page.]*

Dated:  September 13, 2023                Respectfully Submitted,

*/s/Eitan Goldberg*
Eitan Goldberg, Esq. (BBO# 663703)
Brown and Goldberg, PC
380 Main Street
Haverhill, MA 01830
Tel: 978-469-1972
Fax: 978-469-1930
Email: eitan.bglaw@gmail.com

# Exhibit A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re: | Chapter 13 |
| RICHARD C. ENGRASSIA | Case No. 23-40370-EDK |
| DEBTOR |  |

### ORDER AUTHORIZING DEBTOR TO EMPLOY SPECIAL COUNSEL

Richard C. Engrassia, the debtor in the above-captioned case (the "Debtor") having filed a Motion to Employ Special Counsel (the "Motion"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due notice of the Motion having been provided to the Chapter 13 Trustee, the Office of the United States Trustee for the District of Massachusetts, the Debtor's Creditors, and all parties in interest, and it appearing that no other or further notice need be provided; and this Court having determined that the relief sought in the Motion is in the best interest of the Debtor, the Debtor's creditors, and all parties in interest; and upon the Motion and all of the proceedings had before this Court and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Debtor's Motion to Employ Eitan Goldberg, Esq. and the Law Office of Brown and Goldberg, PC is granted.

Dated: _____August 15_, 2023

_____
Elizabeth D. Katz,
United States Bankruptcy Court Judge

# Exhibit B

Client/Debtor: Richard C. Engrassia  Chapter 13 Case No.: 23-40370-EDK
MVA: 11/20/21

| | | | |
|---|---|---|---|
| SH | 12/09/21 | 30 | Create file<br>Label<br>Value letter<br>Notice pip w pip app<br>Notice bi |
| Sh | 01/05/22 | 20 | Call me med status ltr to client<br>Req lien medicare<br>Req meds/bills Lahey Burlington |
| Sh | 02/04/22 | 15 | Call me med status ltr to client<br>Tel call to client re: tx status. Could not leave msg. (called from cell – blocked #)<br>Tel call to Lahey for bills. Sent me to ShareCare. ShareCare sent the bills out 2/1/22. The records request was closed because they thought it was a duplicate. Spoke to Lacey, who reopened it. Request ID #6903401. |
| Eg | 2/11/22 | 5 | Client call |
| Jc | 02/17/22 | 10 | Faxed req. bill/meds to boston paincare |
| Sh | 04/06/22 | 20 | Call me med status ltr to client<br>Req updated medicare lien<br>Req meds/bills Lahey 12/16/21 and thereafter<br>Refax req to Boston pain care |
| Sh | 05/05/22 | 5 | Pip update with related items |
| Sh | 05/09/22 | 5 | Req status of pip payments |
| Eg | 5/12/22 | 10 | Client call |
| Sh | 07/06/22 | 15 | Call me med status ltr to client<br>Req updated medicare lien<br>Tel call to Boston Pain Care Waltham. Need to fax them a third time. |
| Sh | 07/08/22 | 5 | Tel call from client's wife. . |
| Vt | 09/09/22 | 10 | Req updated medicare lien<br>Call me med status |
| Vt | 10/04/22 | 30 | Entered lien into MBS |
| Vt | 11/02/22 | 30 | l/m for client re treatment status<br>req meds/bills Boston Surgery Center<br>req meds/bills Boston Pain Care-Waltham |
| Vt | 12/08/22 | 30 | l/m for clients wife re clients tx status<br>call me med status ltr to client<br>refaxed req for Boston Surgery Center meds/bills<br>refaxed rqe for Boston Paincare Waltham<br>req lien Amount Medicare |
| EG | 12/8/22 | 5 | Client call |
| Jc | 12/14/22 | 5 | Geico called and they will get in contact with clients wife re: auto damage |
| Vt | 12/16/22 | 10 | Spoke with Geico and I will email her the address where vehicle is located.<br>Also she said they need itemized estimate on trailer and color photos |
| Sh | 01/04/23 | 1.0 | Tel Call to client.<br>Req bills Lahey for Dr. Gogawalla<br>Req bills for Dr Thomas at NE Baptist<br>Tel call to Dr. Nathin for bills. L/m.<br>Req bill dr. nigaborowitz from Lahey<br>Req bill Dr. Silk 10/10/22 from boston surgical center<br>Req bills/recs Partners for Judith Connell |
| Vt | 3/7/23 | 20 | l/m for Aaron Thomas bills and records<br>spoke to someone from Baptist Church regarding<br>Aaron Thomas and she said they don't have an Aaron Thomas in the Hospital<br>tries calling client to see where they saw Aaron Thomas<br>req updated lien –Medicare<br>call me med status<br>Spoke to someone from Zaheem Medical Center where Dr. Thomas works and client was not seen by him |

Client/Debtor:  Richard C. Engrassia                                                Chapter 13 Case No.: 23-40370-EDK
MVA: 11/20/21

| | | | |
|---|---|---|---|
| Vt | 3/8/23 | 5 | Faxed req for for Judith Connell bill<br>Left second message for Boston Pain Care regarding Dr. Steven Nathin missing bills |
| Vt | 4/3/23 | 10 | Client call<br>l/m for Boston Pain Care regarding missing bills for Steven Nathin<br>l/m for Lahey Clinic regarding missing bills and records for Dr. Aaron Thomas and NP Judith Connell |
| Sh | 07/12/23 | 30 | Req Lahey recs 8/1/22 and thereafter, bills 1/1/23 and thereafter<br>Boston Surgery Center req meds11/15/22 and thereafter<br>Req bills physicians accounts receivable management for Nathin bills T: 781-972-7100, denise<br>Req bills Dr. Aaron Thomas, new fax #<br>Dr. Silk, Dr. Connell bills, L/m with Boston surgery Center for Steven to call me back |
| Sh | 07/19/23 | 10 | Rec'd bills from Lahey, but only 22 pages out of 47.<br>Tel call to ShareCare.  Request ID# is 19973249.  She will email the rest to Eitan.<br>Username is the request id.  Password is DOB |
| EG | 07/26/23 | 10 | Spoke to bankruptcy attorney re process vis a via bankruptcyy |
| Eg | 07/27/23 | 120 | Demand |
| Jc | 08/04/23 | 5 | Emailed address to get truck looked at. |
| Eg | 08/07/23 | 15 | Settled case- $100K policy limit settlement |
| Eg | 08/08/23 | 30 | Created settlement documents and sent to client |
| Jc | 08/09/23 | 5 | l/m w/ kerri checking to see if they received the settlement documents |
| Eg | 08/14/23 | 10 | Client emails re Medicare |
| Eg | 08/29/23 | 15 | Client call re settlement<br>Received finalized settlement documents |

We don't have hourly billing for myself or the paralegals as our firm model is based on contingency fees.  Time shown in third column is actual minutes.

Eitan Goldberg, Esq. is EG
Jackyln Alvarez (Candelario) is JC - paralegal
Sandra Hamlet is SH - paralegal
Virgen Torres is VT - paralegal


**HOURS BY ATTORNEY/PARALEGAL**

| Name | Hours |
|---|---|
| Eitan Goldberg, Esq. (EG) | 3.8 |
| Sandra Hamlet (SH) | 3.1 |
| Virgen Torres (VT) | 2.6 |
| Jackyln Alvarez (Candelario) (JC) | .5 |
| Total | 10.0 |

# Exhibit C

# BROWN AND GOLDBERG, PC
## Personal Injury Attorneys

---

380 MAIN STREET, HAVERHILL, MA 01830
Tel: (978) 469-1972
Fax: (978) 469-1930

LYNN, MA (781) 584-3850
FALL RIVER, MA (508) 217-1203

Eric R. Brown, Esquire- eric.bglaw@gmail.com  *
Eitan Goldberg, Esquire- eitan.bglaw@gmail.com  **
Jacklyn Alvarez, Paralegal- Jackie1.bglaw@gmail.com
Sandra Hamlett, Claims Specialist- Sandi1.bglaw@gmail.com
Tammy Brown, Administrative Assistant- Tammy1.bglaw@gmail.com

\* Admitted in Massachusetts
\*\* Admitted in Massachusetts and New Hampshire

September 11, 2023

Attorney Richard Mestone
435 Newbury Street, Suite 217
Danvers, MA 01923

Dear Attorney Mestone:

Below please find a brief summary of the work performed on behalf of Richard Engrassia.

On December 7, 2021, I met with Richard Engrassia and his wife at his home in regards to a motor vehicle accident that occurred on November 20, 2021. After an approximate 30 minute meeting, I was retained to represent Mr. Engrassia related personal injuries sustained in this accident. Mr. Engrassia had a complicated medical history, but had sustained injuries to his neck and chest related to this accident. The purpose of our representation as to try to obtain a settlement to cover Mr. Engrassia's medical bills and compensation for his pain and suffering.

We began by setting up claims with his auto insurance and the at auto insurance for the at fault driver. It turned out that Mr. Engrassia's vehicle was not insured at the time of the accident. We also set up claims with Medicare as Mr. Engrassia was insured for health with Medicare and because he had no auto insurance on the vehicle, Medicare was to be responsible for the bills (as well as having a lien on any settlement).

We then began collecting medical records and bills related to the accident. Due to Mr. Engrassia's complicated Medical history, we needed to obtain significant amounts of records and determine if they were or were not related to the motor vehicle accident. and then log them accordingly. Mr. Engrassia treated for his injuries throughout 2022 and most of 2023, though there were times when he could not get treatment due to other medical issues. During this time we kept his medical bills and records up to date in our system by getting updates from him and his wife about his treatment and requesting additional bills and records from his various treatment providers. We also kept up to date with Medicare and their claims liens.

In the summer of 2023, Mr. Engrassia had basically finished his accident related treatment, so we began collecting his final bills and records. We then put together a demand package to send to the at fault insurance carrier. The at-fault insurance carrier agreed to our demand of payment in the amount of their policy limits, $100,000.00. We drafted settlement paperwork for the client's approval, pending approval from the bankruptcy court. We also need to get a final lien amount from Medicare, but we cannot do so until we have final approval from the court for the settlement.

A time log for our work has been provided. As we do for all cases, we took this case on a contingency fee basis, with a fee of 33%. When we take our cases we often do not know if they will be large or small, whether there will be issues with insurance coverage, and what time and expenses we might incur. It is also untenable for most of our clients to put up retainers for cases, especially where the average case would not make the client money if they were putting up an hourly retainer. Our agreement to work on the case on a contingent basis predated the bankruptcy petition.

If you have any questions or there is additional information I can provide, please let me know.

Eitan Goldberg